JUSTICE TRIEWEILER
concurring and dissenting.
¶53 I concur with the majority’s conclusions that the District Court did not err when it imposed alcohol-related conditions to probation and that under the law in effect at the time of the Defendant’s offense, restitution could be required as a condition to a suspended sentence. I also concur that the District Court proceeded to sentence Flanagan with inadequate documentation in the presentence investigation about *11 his ability to pay restitution and that, if restitution was appropriate in the first place, the District Court erred by not specifying the method of payment and the time over which payment was required.
¶54 I dissent from the majority’s conclusion that a presentence investigation alone can be considered substantive evidence for the purpose of resolving a disputed factual issue unless the parties have stipulated to the court’s consideration of the report or there has been testimonial foundation for the admission of the report as evidence. While § 46-18-113, MCA, may require that a presentence investigation be part of the court record, that does not mean that it can be considered by the District Court over objection by the Defendant in violation of his right to due process. Without adequate foundation, a presentence investigation is nothing more than objectionable hearsay. It is a document generated out of court offered to prove the truth of the assertions contained therein without the benefit of cross-examination by the party affected. However, in this case, there were very few factual findings made by the District Court and none which have been pointed out by the Defendant which were based on the presentence investigation and were actually prejudicial to the Defendant. The problem with the presentence investigation is not so much that it included prejudicial information relied on by the District Court, but that it had inadequate information by which the District Court could make a determination about whether the Defendant was capable of paying restitution.
¶55 I also dissent from the majority’s conclusion that the District Court complied with § 46-18-102(3)(b), MCA (1997), which requires that “[w]hen the sentence is pronounced, the judge shall clearly state for the record the reasons for imposing the sentence.” Flanagan contends that the court gave no reason for sentencing a 75-year-old man to a ten year suspended sentence as opposed to a shorter sentence. He is correct. The majority answers Flanagan’s contention by pointing out that the court did explain why it suspended Flanagan’s entire ten year sentence. However, the majority Opinion gives no example of where the District Court ever explained why it imposed such a lengthy sentence in the first place. To say that “we do not insist on extensive statements of sentencing reasons under § 46-18-102(3)(b), MCA” is not an adequate explanation for the District Court’s failure to offer any explanation for the length of Flanagan’s sentence. Therefore, I would remand to the District Court for explanation of why a ten year sentence is necessary.
¶56 Finally, I dissent from the majority’s solution to the District *12 Court’s failure to require evidence of Flanagan’s ability to pay restitution. The fact is that all the evidence available was apparently presented and the end result is that Flanagan has no money with which to pay restitution. His income is limited to $624 a month of social security benefits. After paying for necessary medications, sex offender treatment and medicaid supplemental insurance, he has $64 per month with which to pay for all of his other expenses. Obviously, many of his living expenses are being provided by his spouse and he has no net income with which to pay restitution. There is no reason to remand this case. The District Court plainly erred by ordering restitution.
¶57 I would also conclude that the District Court erred when it ordered that the restitution obligation could be satisfied from Flanagan’s share of the marital estate. He and his wife have three vehicles worth a total amount of $6000. He obviously needs one vehicle for transportation. It is not clear who owns the other two vehicles but it is fair to say that his wife has an interest in at least one of them. The only other marital asset is the home in which Flanagan’s wife has the primary ownership interest. Whatever interest he has in the home cannot be used to satisfy a restitution obligation without compromising his spouse’s interest. Section 46-18-244(3)(a), MCA, prohibits sale of an offender’s assets which are reasonably necessary for the offender to sustain a living or support his dependants. VThat could be more necessary to sustain a person’s living than his or her home?
¶58 Restitution is a good idea so long as the person convicted of a crime has some remote possibility of making restitution without endangering those dependent on him or having to commit more crimes in order to make the payments. Our prior cases such as Pritchett have made clear that it is not an alternative available in every case. This case is a clear example of where a suspended sentence conditioned on restitution which the Defendant is incapable of paying is not in anyone’s best interest.
¶59 For these reasons, I concur in part and dissent in part from the majority Opinion.